UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUNO PEREZ HOYOS,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX FACILITY,<br>Respondent. | Case No. 1:26-cv-05016-KES-HBK (HC)<br>ORDER DIRECTING SUPPLEMENTAL BRIEFING<br>FOURTEEN-DAY DEADLINE |

Petitioner, an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the Central Valley Annex Detention Facility in McFarland, California, is proceeding pro se on his second petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention. (Doc. 1).

Federal courts have an independent duty to consider their own subject-matter jurisdiction. Fed. Rule of Civ. P. 12(h)(3); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Under Article III, Section 2 of the Constitution, a federal court's jurisdiction is limited to adjudication of live cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires

that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted).

In the habeas context, the case or controversy requirement mandates dismissal as moot if (1) the petitioner has received the requested relief, or (2) the court is unable to provide the requested relief. *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023) (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (a case is moot when it is "impossible for a court to grant any effectual relief" on petitioner's claim). The Court's sua sponte search for Petitioner in the ICE Online Detainee Locator System returned zero matching records.[1] Because Petitioner may no longer be in ICE custody, the Court must determine whether this action is moot before reaching the merits.

Accordingly, IT IS ORDERED:

1. Within fourteen (14) days from service of this Order, Respondent shall submit supplemental briefing addressing whether this action is moot in light if Petitioner's apparent release from ICE custody, as reflected on the ICE Online Detainee Locator System.
2. If, instead, Petitioner has been transferred to another detention facility or for some other reason is not reflected on the ICE Online Detainee Locator System, Respondent shall
    a. Notify the Court of Petitioner's current location;
    b. Update the Court as to the status of Petitioner's removal proceedings, including any pending appeals, particularly as the Court's review of the

---

[1] *See* ICE Detainee Locator, https://locator.ice.gov/odls/#/search (last visited October 15, 2026). The Court may take judicial notice of information on official government websites. *McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010); *see also United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of the Bureau of Prisons' publicly available inmate locator).

Executive Office for Immigration Review ("EOIR")[2] website indicates that Petitioner's BIA appeal was dismissed on July 31, 2026; and

c. Provide supplemental briefing as to the applicability of the abuse of writ doctrine in light of Petitioner's claims in the instant petition that his post-final order re-detention without following proper agency regulations in revoking his Order of Supervision was a violation of his due process rights, and, if warranted, further argument as to the merits of Petitioner's grounds for relief. (Doc. 1); *Cf.* Doc. 6-1 at 2 (decision from the Middle District of Florida specifically noting Petitioner's order of removal is not yet final because his BIA appeal remained pending and denying the petition for writ of habeas corpus because Petitioner's detention was lawful under 8 U.S.C. § 1226(c)).

Dated: October 16, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

[2] *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited October 15, 2026).